The next case for argument is 17-547 Treadwell Corporation v. United States. Treadwell Corporation v. United States Yes, thank you, your honor. May it please the court. The central question of this case is contract interpretation, which this court reviews de novo. The solicitation stated a 15-month delivery schedule for completion of production units. This was confirmed by the agency. Do you agree that a plaintiff has to establish both of the first two factors? Yes, your honor. If we find no error in the court of federal claims determination as to either, then you lose. Yes, your honor. So the question isn't just contract interpretation. There's a question of irreparable harm as well. Yes, your honor. I can speak to that question first. Go ahead. Irreparable harm as a legal matter results from the loss of a fair opportunity to compete for a contract. The court below found that Treadwell remains in the same position whether or not it issues injunctive relief, and that's simply flatly wrong. Well, firstly, they relied firstly on the fact that you waited eight months before you asked for a preliminary injunction, right? We filed our preliminary injunction along with our bid protest. Until the time of filing of the bid protest, Treadwell was led to believe by the agency that the agency had complied with the evaluation requirements of the solicitation. They were led to believe that by active efforts to convince Treadwell that they had reviewed, that Hamilton had proposed, that the agency had reviewed its schedule for production units. That question was placed squarely to the agency during and after debriefing, immediately after the award. And Treadwell personnel asked, did you review Hamilton's delivery schedule for production units? The agency said yes. And this record shows Hamilton did not propose a schedule for production units.  In the course of those eight months, Treadwell did not know that it had been had until the agency issued a change to the contract, which relieved Hamilton of the exact requirement that the agency assured Treadwell Hamilton had proposed to meet and had evaluated Hamilton as being able to meet. It confirmed Treadwell's suspicion, and it belied what the agency had said, which was that Hamilton had proposed to meet it, and they had evaluated them as being able to meet it. Do you challenge the Court of Federal Claims' consideration of the balance of the hardships and public interest in the Blue Bridge? Yes, I do, Your Honor. Where? Yes, Your Honor. Those issues are not directly spoken to in my principal brief. So if that's true, then you're conceding that these factors weigh against a preliminary injunction? Your Honor, to that point, we do not concede that. So you didn't raise it? Yes, Your Honor. So if you didn't raise it, you're conceding it, right? That is the law, right? You've at least waived any right to challenge the findings of the trial court on that issue. The findings of the trial court on that issue are made in a footnote. The findings of the trial court on that issue are made in a footnote. So what? She made the findings. You didn't challenge them in your blue brief. That's waiver. They flow directly from an error of law, which this Court reviews de novo. If this Court reviews the error of law, which the trial court reviews de novo. Can you identify any case where a party receiving a preliminary injunction, despite conceding the balance of hardships and public interest, weighed against the issue of preliminary injunction prevailed? I cannot cite you such a case, Your Honor. But the findings on balance of the hardships and preliminary injunction are three steps removed from the error of law that underlies this case. The error of law that underlies this case led... It's a four-part test, yes? It is a four-part test, Your Honor. The government has not cited any case where only the final two factors were sufficient to support a preliminary injunction. Moreover, those factors, they are three steps removed from the error of law that's at the heart of the issue of this case. The court below's error of law led it to conclude that Treadwell has no success on the merits. If Treadwell has no likelihood of success on the merits, that's because there is no procurement error. That is the court below's logic. Continuing with that logic, since there is no procurement error, then there is no interest in protecting the integrity... No, Your Honor, and in hindsight, that would have been... Doesn't that weigh against finding that Treadwell could be irreparably harmed absent a preliminary injunction? Your Honor, we completed the briefing and submittal of the appendix and other documents in this case as expeditiously as possible. I believe we required one seven-day extension to complete the appendix.  to file an emergency motion for expedited appeal. So, in effect, you're conceding the question I just asked. It weighs against you. Your Honor, in terms of where this... This is a developmental contract. This isn't a contract that the entire contract is going to be over in the time... That's a yes or no. Yes, Your Honor. Can we go back to irreparable harm? Because beyond the eight months it took for you to file this, the Court of Federal Claims, I think you alluded to this briefly, relied on the fact that you wouldn't be in a better position or a different position profit-wise with or without an injunction. And to that, Your Honor, the loss of an... When Hamilton delivers production units to the Navy, that requirement will be fulfilled. That portion of the contract will be completed. Treadwell will have lost the opportunity to perform that work, earned profit from it, lost the opportunity to compete. This case is no different than any other post-award bid protest in which the plaintiff seeks an injunction to prevent the work from being performed pending the resolution of the dispute. I'd like to speak to Judge Wallach's well-taken... How would that work? So if you were to prevail at the end of the day in the absence of an injunction, what happens then if they find there was an error in the solicitation? They'd have to rerun it. And Treadwell would have an opportunity to compete and meet the agency's requirement, except to the extent that that requirement has been met pending this action, which is the very purpose of a preliminary injunction. To speak to Judge Wallach's point, there remains plenty... This isn't the type of situation where the contract is completed and has run. Does that speak to my point? The irreparable harm that has not occurred yet, any delay by Treadwell in filing the initial protest or, as you accurately pointed out, in not filing an emergency motion for expediting this action, does not mean that preliminary relief will not have a meaningful impact on this contract. To my knowledge, production units have not yet been delivered. Preliminary relief will still prevent the requirement from being met, and it will prevent the irreparable harm of Treadwell losing the opportunity to compete for that. Let me ask you a technical question. Throughout this brief, I keep noting that you cite non-presidential opinions. Where you do that, can I assume that you... Can we assume that you haven't identified any binding precedent which might support you? The citation of those cases, Your Honor, is more... Yes, Your Honor, I have not identified any case with as compellingly similar factual pattern as those cases to which I've cited you. I believe the logic and reasoning of those cases is highly relevant. So the answer is, yes, we can presume that. Also on the topic... I want to revisit the topic of the balance of hardships and the public interest. In the balance of the hardships, the court below found that Treadwell... Can you just explain to me your argument on the merits? I don't understand it at all. It seems like you suggest that the government set a schedule that required the test... They set a schedule that required the production unit to be delivered 15 months... After the order. After they ordered it, whenever they ordered it. That's right, Your Honor. But that doesn't mean it was 15 months from the date of the contract. It's 15 months from the date of the order. Right, but you have to be able to build it within 15 months from whenever it's ordered, including the date of the contract. And there's no dispute in this case that... I mean, I don't understand where you get that. The government never intends to order it on the day the contract was ordered. They had complete discretion when they ordered it. They had complete discretion, but to the extent... So when they're reviewing Hamilton's proposal, or if that's the name, I forget, they can determine whether they think that they'll meet the production schedule when they feel like ordering it. And it is incredibly far-fetched to think that the government is going to order the testing in the production unit on the first day. That's why there's a testing unit to determine whether it meets their requirements. First, Your Honor, that's precisely how this contract has been handled in the past. I know that's not in the record. When Treadwell held this contract... I don't know why you're telling us about stuff that's not in the record. Furthermore, Your Honor, the date the production unit was ordered from triggers that requirement. The proposal has to show the ability to meet that requirement within that amount of time. If it doesn't show... If this was a months-after-first article requirement, there's language for that. The agency used months-after-first article approval language in this very same solicitation at Appendix 361. If that was its intent, that is what it should have stated in the solicitation. If they had some hidden intent that they were not going to issue it on the first day, then that was an improper basis on which to make their determination. You think there's somewhere in the solicitation that says the agency was going to issue its order for the first production unit on the first day? No, Your Honor. But if they did order it on the first day, then you had to meet that requirement. But that's completely illogical that they would order it on the first day. That's the whole point of the clause, is it not? It's a lie. I think you're saying that this far-fetched possibility is here and they didn't show that the awardee would meet this far-fetched possibility. I think if we're going to impose your illogical reading on that, you at least have to have some evidence that that's what the solicitation meant. The evidence, Your Honor, is that that was the words of the solicitation. Which words? Production units shall be due 15 months after date of order. That doesn't say anything about it being ordered on the first day. It also says that the ordering period is from the first day to 60 months. That's not at dispute in this. The government concedes that, Your Honor. Right. It's any time within that 60 months? Including the first day. To the extent that Your Honor suggests that this was an illogical or improper solicitation that they shouldn't be able to issue it on the first day, I think that's the government position as well. No, I think your reading of the solicitation is illogical and absurd. This is a typical government solicitation with the first article testing and then a production period. This is the way these things work. I'll reserve the remainder of my time. Thank you. Good morning, Your Honors. May it please the Court. I'm Sean Siakinin on behalf of the government. With me at the Council table is John Sciaricella for intervener Hamilton Sunstrand. There are just a few points I'd like to respond to and correct that came up just now. First, there is a case that was not You're going to take all day, aren't you? No, I hope to be up here for no more than a couple of minutes, Your Honor, and hopefully less than that. But I did want to draw to the Court's attention Winner v. National Resource Defense Council. This is 555 U.S. 7 at pages 23 to 24 of 2008 Supreme Court decision that is not cited in our brief, but does show that a plaintiff seeking the extraordinary remedy of a preliminary injunction must demonstrate each factor. I also want to respond to the suggestion that Hamilton did not propose a delivery schedule. That's clearly wrong. At page 1145 and 1251 in the appendix, you'll see that they did propose a Well, something happened here that bugs me a little, and that is that when they asked you for kind of clarification, right, or they were stating their position, which is contrary to the one you're asserting is the intent of the contract, and you all didn't respond, right? Am I misunderstanding what happened here? I mean, weren't there periods of time in which you could have come forward and cleared up whatever misunderstanding may have existed? And I believe that the Navy did so. This was addressed in Q&A 37 or 38 in solicitation number 2, which was modification number 2 to the solicitation, which was issued just a few weeks before the initial proposals were submitted. Treadwell specifically requested that the solicitation be modified to include the alternate version of the first article approval clause, which would have allowed for compensation for work on production units prior to first article approval. And I also want to call to this Court's attention a particular regulation that is cited in passing in our brief but is not quoted. 48 CFR 9.308-1 says, quote, if it is necessary to authorize the contractor to purchase material or to commence production before first article approval, the contracting officer shall use the first article approval clause with its alternate to. The Navy rejected that request, making crystal clear that work on production units was not intended to be required prior to first article approval. I believe that what Your Honor is referring to is Treadwell's subsequent assertions in the proposal that it submitted after this question had been resolved, claiming, attempting to essentially decree by fiat, that nevertheless that this still should be how it works. And you're right. The Navy did not. There's nothing in the record to suggest that the Navy specifically responded to that statement. But that's simply not how government procurement law works. Offers on government solicitations are not entitled to unilaterally decree that an answer that they previously received is incorrect. And even if that were the case, we would be in the Paracelaf world where this still, at a minimum, would have been something that should have been brought up prior to the contract being awarded. Can you respond to one of the points he made on irreparable harm, which was that the CFC was incorrect by saying he's not going to put him in a better position profit-wise because even if he were to prevail at the end of the day and they would have a re-solicitation, everything that's been done over this period of a year or years is not going to be part of that new solicitation, so it would affect his profit line if he were to prevail, right? I would make two points on that, Your Honor. The first is that that would be reviewed strictly for an abuse of discretion to the extent that the question is whether the trial court correctly made a factual finding as to the harm that Treadwell was likely to suffer. And the second point that I would make is that Treadwell has submitted no evidence at any point in this litigation in the past year, year and a half, to support any of its alleged harms. It's never submitted a declaration or an affidavit. The government did submit a declaration at pages 205 to 209 of the appendix from the Navy making clear what the harm would be to the Navy if a preliminary injunction was issued. I appreciate that, but what kind of evidence, I mean, there's no dispute that this contract is ongoing. That's correct. And that certain work is being done, and therefore, if this case is resolved in your friend's favor, six, eight, twelve months from now, there won't be as much needed to be done in any new solicitation. What kind of proof do you need for that proposition? I would expect some sort of evidence beyond attorney argument, but to respond more directly to your Honor's point, I think when this was briefed first for the trial court and then also several months ago before this court, I don't know that the parties anticipated that this litigation could potentially continue as long as it has. And still to this point, production units have not been delivered. They're scheduled to be delivered in November of 2018. So to this point, nothing has accrued or the units have not been delivered to the government. So at this point, if for whatever reason Treadwell were to prevail in its appeal and the contract were to be resolicited, Treadwell would not at this point be in any worse position. Well, what's the status of the regular appeal? I'm sorry, the status of the regular case? This is just up here on a preliminary injunction. It is, Your Honor. It's on interlocutory review as allowed by statute, and the trial court has stayed the proceedings pending this appeal. Yes. If this court has no further questions, we would ask that the judgment of the trial court be informed. Thank you. Thank you. Good morning, Your Honors. If it pleases the court, I will be very brief. I just want to address one issue that counsel for Treadwell addressed, and that said that Treadwell had no idea with respect to the basis for its claims until it received the modified delivery order and the modified copy of the contract in December. And that is actually belied by the record. The record shows that on September 8th, following the award, in response to a FOIA request Treadwell received, a copy of the contract as initially awarded, and that contract as initially awarded, had a specific note indicating that no production units would be delivered before the first article was approved. So as of September 8th, there was conclusive proof to Treadwell that the basis it's articulating in the case that it filed on March 1st of the following year was framed very clearly for it, so it sat on its rights in a very significant way for those seven months. The only other point I'd like to make is that the impact of that delay, which Treadwell tries to minimize here today, actually has a rolling effect on the national interest and the balance of hardship factors, because if this case were to go back, and if the Navy were to be compelled to resolicit the remaining requirements... That's conceded, though. The balance of hardships and the public interest seem to be conceded. No, no, no, that's correct, but what I'm saying, the point I'm making is that that delay means that there will now have to be another first article that would have to be prepared by Treadwell, and that will take... Which would adversely affect the public interest. Adversely affect the national interest, adversely affect the balance of hardships, and that's all I have to say, unless the court has any further questions for me. Thank you. I'd like to very briefly speak to the merits. A schedule in which simultaneous orders are placed on day one of a contract does not mean that the contractor has to build the production unit before they build the first article. Both requirements simply need to be met, and in this case, the Navy had a requirement for production units within 15 months. It essentially admits that when it states that it had to obligate funding for those production units, and that is why it issued Delivery Order 1. Delivery Order 1 requires delivery of production units by or before a date certain. It also requires delivery of the first article by or before that same date certain. That is not, perhaps, a standard way of conducting the procurement, but that is what the agency actually did. It issued Delivery Order 1 in exactly that way, and it did it to secure funding to the agency, and because it had announced that it had a requirement for production units within 15 months from date of order, which could be the date the contract is awarded, it was entitled to issue that order, and it, in fact, did so, and that was what it solicited. Can I just ask you a general question about this case? It seems a little ironic, inconsistent. I don't know the word, but by appealing this preliminary injunction, obviously a preliminary injunction, the underlying interest is, let's get moving and get a result of this case quickly. If not, it's hurting me, but the practical result is that you've spent now on appeals and the time, and we take very little time, but we take some time to write our decision, and in the interim, the merits case is being staked. It seems to sort of have not been the appropriate choice of avenues to pursue. Your Honor, the reason we took this appeal is because the trial court issued a very detailed legal finding on what it believed the solicitation to say. The trial court said that it believed that 15 months equals 15 plus 15. If you look at the analysis, the legal analysis that the trial court did of the solicitation, it was incorrect, and that is at the heart of this case. Why would you just get a final decision on a permanent injunction and then appeal if you thought that that was what she was going to issue as the final decision? That may have been a better way to proceed. We thought this would be the most timely. Thank you. Thank both sides. The case is submitted.